UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRIAN KEITH ALFORD, | : | Case No. 3:24-cv-35 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WALTER HERBERT RICE, *et al.*, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1]

Plaintiff, a former federal prisoner currently in state custody at the Ross Correctional Institution, in Chillicothe, Ohio, has filed a civil rights Complaint under 42 U.S.C. §§ 1983 and 1985. (Doc. 1, at PageID 1). Plaintiff alleges that Defendants Judge Walter Herbert Rice, defense counsel Jeffery R. McQuiston, and FBI Special Agent Donald R. Reidman conspired to violate his constitutional rights when a purportedly fraudulent stipulation was allegedly relied on to establish jurisdiction in the federal criminal matter, Case No. 3:00-cr-65 (S.D. Ohio). Plaintiff has paid the filing fee.

This matter is before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

**Screening of Complaint**

**A.     Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Plaintiff's Complaint**

In 2002, Plaintiff was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *See Alford v. United States*, No. 17-3680 (6th Cir. Nov. 14, 2017).[2]

---

[2]This Court has authority to "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir.

3

> The district court sentenced Alford to a total of 144 months of imprisonment and five years of supervised release. On direct appeal, this court affirmed Alford's convictions. *Alford v. United States*, 116 F. App'x 706 (6th Cir. 2004) (per curiam), *cert. denied*, 544 U.S. 912 (2005). In 2011, after serving his federal term of imprisonment, Alford was transferred to state custody. Alford has yet to serve his five-year term of supervised release.

*Alford v. United States*, No. 20-3427, 2020 WL 9263005, at *1 (6th Cir. Dec. 9, 2020).

In the instant lawsuit, Plaintiff raises claims relating to an allegedly falsified stipulation, which Plaintiff asserts was improperly used to establish the Court's jurisdiction in his federal criminal trial. (Doc. 1, at PageID 2-3). Plaintiff states that he did not learn of the stipulation until 2013. (*Id.* at PageID 3). Plaintiff further alleges that "[s]ince learning of the falsity of the stipulation, [he] has attempted to challenge the veracity of the purported stipulation in numerous proceedings in District and Appellate Courts, the most recent in 2020 under 28 U.S.C. § 2241 . . . ." (*Id.*). Plaintiff alleges that "[t]he conspiracy to prove jurisdiction" in his federal criminal case violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id.*).

For relief, Plaintiff seeks various forms of declaratory and injunctive relief. (Doc. 1, at PageID 5).

  **C.**  **Analysis**

For the following reasons, Plaintiff's Complaint is subject to dismissal in its entirety for failure to state a claim upon which relief can be granted.

  ***1.***  ***Plaintiff's Claims Are Barred by the Statute of Limitations.***

Plaintiff's claims, which he brings under §§ 1983 and 1985, are governed by the two-year statute of limitations found in Ohio Rev. Code § 2305.10. *See Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 937, 939 (6th Cir. 1999) (stating that two-year statute of limitations applies to claims

---

1969)).

under § 1983); *Mickey v. McFaul*, No. 1:10-cv-1350, 2010 WL 3221921, at *2 (N.D. Ohio Aug. 13, 2010) (applying two-year statute of limitations to claims under § 1985).[3]

Although the statute of limitations is normally an affirmative defense raised by Defendants in an answer, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

The alleged conduct underlying Plaintiff's claims would have occurred prior to his 2002 convictions. To the extent that Plaintiff's asserts that he was unaware of the stipulation until 2013, the Sixth Circuit has rejected this contention:

> Alford argues that he did not have a prior opportunity to challenge the purportedly fraudulent stipulation because he did not receive a copy of the stipulation until September 17, 2013. The stipulation, filed in the district court on February 19, 2002, could have been challenged earlier and was in fact challenged by Alford beginning with his initial motion to vacate.

---

[3] As set forth above, Plaintiff brings his claims under §§ 1983 and 1985. Section 1983 applies to "deprivations of rights that are accomplished under the color of the law of 'any State or Territory.'" *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973). "Section 1985 provides remedies to private persons injured by certain conspiracies to violate civil rights." *Oliver v. Towd Point Mortg. Tr. 2017*, No. 1:20 CV 2427, 2021 WL 1664060, at *3 (N.D. Ohio Apr. 28, 2021). To the extent that Plaintiff would also seek to assert claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the same two-year statute of limitations would govern his claims. *See McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987) (stating that *Bivens* actions are governed by the same personal injury statute of limitations that applies to § 1983).

*Alford*, 2020 WL 9263005, at *2 (affirming the District Court's dismissal of Plaintiff's petition for writ of habeas corpus under 28 U.S.C. § 2241). In any event, Plaintiff's contention that he was unaware of the stipulation until 2013 would not save his claims because the two-year statute of limitations would have long run before he filed this action regardless.

Because it is clear from the face of Plaintiff's Complaint that the statute of limitations for bringing his claims under §§ 1983 and 1985—or *Bivens*—expired well before Plaintiff filed this action, his Complaint should be dismissed for failure to state a claim upon which relief can be granted. *Fraley*, 1998 WL 789385, at *1.

### 2. *Alternative Grounds for Dismissing Plaintiff's Complaint*

#### a. Plaintiff's Claims Are Barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that a civil action under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). *Heck*'s litigation bar applies with equal force to claims under § 1985 and *Bivens*. *See Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) ("We have previously extended *Heck* to *Bivens* actions, *Robinson v. Jones,* 142 F.3d 905, 906–07 (6th Cir. 1998), and we recognize the other jurisdictions that have extended *Heck* to claims under § 1985, *Amaker v. Weiner,* 179 F.3d 48, 52 (2d Cir.1999).").

At the core of Plaintiff's claims is a challenge to the validity of his federal convictions. (*See* Doc. 1, at PageID 4) (alleging that "[t]he conspiracy to prove jurisdiction . . . caused the conviction of one who is 'factually innocent.'"). Plaintiff, however, does not allege that his federal

convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus. Because Plaintiff seeks to undermine the validity of his federal convictions, Plaintiff's claims are alternatively barred by *Heck*.

  **b.**  **Plaintiff's § 1983 Claims Fail to State a Claim.**

Plaintiff alleges that Defendants violated his constitutional rights. To the extent Defendants are all federal officials, they cannot be sued under § 1983. *See Johnson v. United States*, No. 2:16-cv-1064, 2017 WL 5129000, at *2 (S.D. Ohio 2017). Thus, Plaintiff's § 1983 claims also fail to state a claim for relief for this alternative reason.

  **c.**  **Judicial Immunity**

Moreover, Judge Rice is entitled to judicial immunity from Plaintiff's claims. Judges are largely immune from liability for acts they commit while functioning within their judicial capacity. *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991)). A plaintiff can overcome the application of judicial immunity only where: 1) the judge's acts were clearly non-judicial in nature and therefore outside the scope of the judge's judicial capacity; or 2) the judge's actions were taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 12. The factors that are relevant to whether an act is judicial in nature are: 1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge"; and 2) "whether [the parties] dealt with the judge in his judicial capacity." *Id.*

Judge Rice is entitled to absolute judicial immunity. Plaintiff does not allege any facts to suggest that Judge Rice acted outside his judicial capacity or in the absence of all jurisdiction. Judge Rice is therefore entitled to absolute judicial immunity on Plaintiff's claims against him.

Accordingly, in sum, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims

pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff has failed to state a claim upon which relief may be granted. Because Plaintiff has failed to state a cognizable federal claim for relief, it is further **RECOMMENDED** that the Court **DECLINE to exercise supplemental jurisdiction** over any remaining state-law claims (*see* Doc. 1, at PageID 2, "seeking applicable relief under Ohio law") and **DISMISS** such claims **without prejudice**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff has failed to state a claim upon which relief may be granted.

2. The Court **DECLINE to exercise supplemental jurisdiction** over any remaining state-law claims and **DISMISS** such claims **without prejudice**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

April 16, 2024            *s/Peter B. Silvain, Jr.*
                                          Peter B. Silvain, Jr.
                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).