UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRIAN KEITH ALFORD,

    Plaintiff,

vs.

HON. WALTER HERBERT RICE, *et al.*,

    Defendants.

Case No. 3:24-cv-35

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DOC. NO. 5); (2) DISMISSING PLAINTIFF'S CLAIMS PURSUANT TO 28 U.S.C. § 1915A(b)(1); (3) DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE; (4) CERTIFYING THAT AN APPEAL OF THIS ORDER WOULD NOT BE TAKEN IN GOOD FAITH; AND (5) TERMINATING THIS CASE ON THE DOCKET**

---

This *pro se*[1] civil case is before the Court on the Report and Recommendation of United States Magistrate Judge Peter B. Silvain, Jr. (Doc. No. 5), to whom this case was referred pursuant to 28 U.S.C. 636(b). Judge Silvain conducted an initial *sua sponte* review of Plaintiff's complaint against Defendants Judge Walter Herbert Rice, defense counsel Jeffrey R. McQuiston, and FBI Special Agent Donald R. Reidman pursuant to the Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). On April 16, 2024, Judge Silvain recommended that the Court: (1) dismiss Plaintiff's federal claims

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted; (2) decline to exercise supplemental jurisdiction over any remaining state law claims; (3) dismiss any remaining state law claims without prejudice; and (4) certify that an appeal of this Order would not be taken in good faith. *See* Doc. No. 5. Plaintiff timely filed a *pro se* objection to the Report and Recommendation. *See* Doc. No. 6. As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all findings in this matter, including Plaintiff's objections.

Upon careful *de novo* consideration of the foregoing, the Court determines that the Report and Recommendation (Doc. No. 5) should be adopted. The Court agrees with Judge Silvain's conclusion that Plaintiff's claims, brought under 42 U.S.C. §§ 1983 and 1985, are time-barred pursuant to the two-year statute of limitations established in Ohio Rev. Code § 2305.10. Doc. No. 5 at PageID 205. The conduct underlying Plaintiff's claims seeking injunctive and declaratory relief occurred prior to his 2002 convictions, meaning the statute of limitations has long passed. *Id.* at PageID 206. Further, the Court agrees with Judge Silvain's alternate conclusions warranting dismissal of Plaintiff's claims: (1) Plaintiff's claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because the instant suit seeks "to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus[;]" (2) Plaintiff's § 1983 claims are alleged against federal officials who cannot be sued under § 1983 and therefore fail to state a claim for relief; and (3) Defendant Judge Rice is entitled to absolute judicial immunity. *Id.* at PageID 207-08.

Although the complaint is unclear on the issue of claims for relief under Ohio law (*see* Doc. No. 1), any remaining state law claims that Plaintiff may have alleged should be dismissed without prejudice. A district court "may decline to exercise supplemental jurisdiction" over claims

2

if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). When "the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)).  To the extent any state law claims remain, in the interest of fairness, "[a] state court should have the opportunity to consider the merits of Plaintiff[s'] state law claim." *Aquilina v. Wrigglesworth*, 759 F. App'x 340, 348 (6th Cir. 2018) (citation omitted). Accordingly, any state law claims that may remain shall be dismissed without prejudice.

Plaintiff's objections to the Report and Recommendation largely restate his allegations of constitutional violations and do not legally refute Judge Silvain's analysis of the instant case.  *See generally* Doc. No. 6.  Accordingly, Plaintiff's objections do not change the Court's conclusion.

For the reasons stated, the Court hereby: (1) **ADOPTS** the Report and Recommendation (Doc. No. 5) in full; (2) **DISMISSES** Plaintiff's claims pursuant to 28 U.S.C. § 1915A(b)(1); (3) **DECLINES** to exercise supplemental jurisdiction over any remaining state law claims; (4) **DISMISSES WITHOUT PREJUDICE** any remaining state law claims; (5) **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith; and (6) **TERMINATES THIS CASE ON THE DOCKET**.

IT IS SO ORDERED.

Date:  May 14, 2024                                             s/ Michael J. Newman
                                                      Hon. Michael J. Newman
                                                      United States District Judge